FILED '05 FEB 21 12:47 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREG ROSENTHAL, et al., | Civil No. 05-6283-HO |
| Plaintiffs, | ORDER |
| v. | |
| PERRICONE WILEMAN GROUP, LLC, et al., | |
| Defendants. | |

## Introduction

The complaint in this diversity case alleges claims for violations of Oregon and California franchise laws, Oregon's unlawful trade practices law, and California's assisted marketing plan law, and for breach of contract and misrepresentation. Plaintiffs filed a motion for partial summary judgment on the claim for violation of Oregon's franchise law. Defendants filed a motion for leave to file an amended answer and a motion to

transfer the case to the United States District Court for the District of Central California (the Central District).

## Discussion

### I. Defendants' Motion for Leave to File an Amended Answer

Defendants seek leave to file an amended answer denying allegations of the complaint that plaintiffs and defendants entered into a franchise agreement. Defense counsel avers that the answer erroneously admits allegations of paragraph four, captioned "venue," because of the short time available to prepare the answer and the location of the allegations with the venue allegations. Defendants dispute that the agreement between the parties is a franchise agreement.

Whether the distribution agreement is actually a franchise agreement is an important contested issue. Discovery is not closed and plaintiffs would suffer no prejudice from leave other than deprivation of the windfall they would have received had the court decided not to grant leave. Justice requires that leave to amend be granted in this case. See Fed.R.Civ.P. 15(a).

### II. Defendants' Motion to Transfer Case

A. Background

This lawsuit was preceded by failed attempts at settlement. Plaintiffs' counsel sent a demand letter, dated June 28, 2005, and a draft complaint, to the California representative of Atomic-X. Atomic-X is identified in the caption as the business

name of defendant Perricone Wileman Group, LLC. See Kent Aff. [#23], Ex. 1. The demand letter threatens a lawsuit if immediate payment is not made. The draft complaint indicates venue in the District of Oregon. On August 22, 2005, Atomic-X filed suit against plaintiffs in California state court. Plaintiffs removed the case to the Central District on September 27, 2005.

The first cause of action of the complaint in the Central District alleges, inter alia, that Greg Rosenthal, LaVonne Bradford and Aboon Energy, LLC breached the January 5, 2004 distribution agreement within four months of entering into the agreement, by failing to sell, promote and market Atomic-X energy drink as required by the agreement, and by recruiting other distributors to join in making non-negotiable damage demands upon Atomic-X. The alternative second cause of action is a claim for rescission based on alleged mutual mistake of fact that the distribution agreement is a franchise agreement. The third cause of action is a claim for interference with advantageous economic relations based on allegations that Rosenthal, Bradford, Aboon Energy, LLC and Doe defendants contacted other Atomic-X distributors, falsely accused Atomic-X of fraud, and encouraged these distributors to breach their distribution agreements.

Plaintiffs' complaint contains the following claims and/or allegations, among others: (1) agreements within and based on the January 5, 2004 distribution agreement, and the agreement itself,

3 - ORDER

are franchise agreements, and Atomic-X violated Oregon franchise law by failing to provide plaintiffs with disclosures required by law; (2) individual defendants are liable for these failures under Oregon law; (3) defendants engaged in unlawful trade practices by holding out Atomic-X as a franchisor, and then denying that Atomic-X is a franchisor, and by making false, inducing statements; (4) defendants engaged in unlawful trade practices and made misrepresentations by failing to deliver Atomic-X product as promised, failing to refund money paid directly to Atomic-X by plaintiffs' national account customers, and making false statements to plaintiffs regarding the characteristics of the distributorship agreement, the franchise's earning capability, the quality of Atomic-X products, and access to national accounts; (5) defendant breached the January 5, 2004 distribution agreement by engaging in the above alleged conduct and other conduct; (6) defendants' sale of a California territory to Aboon Energy, LLC violates California franchise law in several respects, entitling Aboon Energy, LLC to rescission; and (7) in the alternative, defendants's sale of a California territory to Aboon Energy, LLC is an unlawful sale of an unregistered seller-assisted marketing plan, entitling Aboon Energy, LLC to rescission.

B. Merits

Defendants argue that this case should be transferred to the

Central District pursuant to 28 U.S.C. § 1404(a) and the "first-to-file" rule. Plaintiffs contend that the first-to-file rule does not apply because defendants' California filing is an anticipatory suit, and that convenience and the interests of justice weigh in favor of venue in Oregon.

The first-to-file rule may be invoked when a complaint involving the same parties and issues was first-filed in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). The rule is intended to promote judicial efficiency and help avoid embarrassing conflicting judgments. Church of Scientology of California v. United States Dept. of Army, 611 F.2d 738, 749-50 (9th Cir. 1979). The rule is not to be lightly disregarded, but may be suspended for reasons of equity, as when the plaintiff in the first-filed case engages in forum-shopping by racing to the courthouse to file an anticipatory suit. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625-29 (9th Cir. 1991). Argument concerning the respective convenience of the two courts should normally be addressed to the court where the first action was filed. Alltrade, 946 F.2d at 628. When the rule is applied, the district court may stay, dismiss or transfer the last-filed case. Id.

Plaintiffs and Perricone Wileman Group, LLC (doing business as Atomic-X) are parties in both cases, although the individual

5 - ORDER

defendants are not parties in the Central District case. Whether the distribution agreement is a franchise agreement is an issue in both bases. Atomic-X filed the California case approximately seven weeks after the date of plaintiffs' demand letter. Based on this time line, the court holds that Atomic-X did not engage in an abusive "race to the courthouse." Cf. Alltrade, 946 F.2d at 628 (no abuse of discretion in applying first-to-file rule where appellee filed first action six days after appellant informed appellee it intended to sue in another district). The purposes of the first-to-file rule are served by application of the rule in this case. Permitting this action to go forward in this venue would decrease efficiency and create the potential for conflicting judgments as to whether the distribution agreement is a franchise agreement, whether a party breached the agreement, and whether rescission is an appropriate remedy, among other issues. The court will transfer this case to the Central District.

III. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs filed a motion for partial summary judgment based on defendants' answer admitting that the parties entered into a franchise agreement. Plaintiffs submitted evidence with their reply memorandum. Because the court will grant leave to file an amended answer denying the existence of a franchise agreement and will transfer the case, and because defendants have not had the

opportunity to contest plaintiffs' evidence, the court will deny plaintiffs' motion for partial summary judgment without prejudice to refiling after the case is transferred to the Central District.

## Conclusion

Defendants' motion for leave to file an amended answer [#37] is granted. Defendants shall file the amended answer within ten days of the date of this order. Defendants' motion for transfer [#40] is granted. After docketing defendants' amended answer, the clerk shall transfer this case to the United States District Court for the Central District of California. Plaintiffs' motion for partial summary judgment [#29] is denied without prejudice.

IT IS SO ORDERED.

DATED this 17th day of February, 2006.

*Michael R. Hogan*
United States District Judge